# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| June Denise Griffin, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:12-2321-RMG |
| vs. ) | |
| ) | |
| Carolyn W. Colvin, Acting ) | |
| Commissioner of Social Security, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain relief from the final decision of the Commissioner of the Social Security Administration denying her Disability Insurance Benefits and Supplemental Security Income under the Social Security Act. In accord with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pretrial handling. The Magistrate Judge issued a Report and Recommendation on October 16, 2013, recommending that the Commissioner's decision be affirmed. (Dkt. No. 24). Plaintiff filed objections to the Report and Recommendation and the Commissioner filed a reply. (Dkt. Nos. 25, 27). After a careful review of the record, the decision of the Administrative Law Judge ("ALJ"), Plaintiff's objections, the Defendant's reply, and the applicable legal standards, the Court adopts the Report and Recommendation of the Magistrate Judge and affirms the decision of the Commissioner.

## Legal Standards

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection has been made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme of the Social Security Act is a limited one. Section 205(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is limited, "it does not follow, however, that the findings of the administrative agency are mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings." *Vitek*, at 1157-58.

## Discussion

Plaintiff challenges the findings and conclusions of the Commissioner that her impairments do not render her disabled under the Social Security Act and further urges this Court not to adopt the Report and Recommendation of the United States Magistrate Judge recommending that the agency decision be affirmed. First, Plaintiff asserts that the Commissioner did not properly weigh the opinion evidence in the record. (Dkt. No. 25 at 1-7). This record reflects a striking diversity of opinion concerning the extent of the claimant's impairments. One treating physician, Dr. Gregory Kang, a rehabilitation specialist or physiatrist, indicated that he thought Plaintiff's work related limitations were "slight" and was concerned with her mixing of alcohol with the narcotic medications he was prescribing for her abdominal pain. Transcript of Record ("Tr.") at 272, 318, 373. Another treating physician, Dr. Aaron Epstein, a surgeon, expressed skepticism about the Plaintiff's history of consulting with a "plethora of physicians" and found her physical exam for abdominal pain to be "benign." Tr. at 468, 469. An examining expert, Dr. Mason Ahearn, an orthopaedist, found an almost entirely normal physical exam and noted that the patient was able to perform all of her own ADL's, push a cart in a store, use a computer, clean her home and cook her meals. Tr. at 428-32. Additionally, two non-examining counselors, Dr. Michael Neboschick and Dr. Holly Hadley, completed reviews indicating that Plaintiff's mental condition was not severe, and two non-examining physicians, Dr. Mary Lang and Dr. Tom Brown, conducted reviews indicating that the claimant was capable of performing the equivalent of light work. Tr. at 321-33, 335-42, 413-25, 436-42.

The record contains other opinions and records more supportive of Plaintiff's claims of

significant impairments. One treating physician, Dr. Edward McCarthy, an osteopathic family physician, documented the claimant's persistent complaints of abdominal, shoulder, and other joint pain and prescribed her significant amounts of narcotic pain medications, including oxycodone hydrochloride, over a protracted period of time. Tr. at 349, 351, 354, 356, 361, 510, 512-13, 516-20, 525-55. Dr. McCarthy offered the opinion that because of Plaintiff's physical and mental disorders she cannot work. Tr. at 580. Rhonda Brown, a family nurse practitioner, also saw the Plaintiff and offered the opinion that the claimant's constant pain and mental condition made it "impossible" for her to hold down a full time position. Tr. at 579.

The ALJ, as the delegated fact finder in the Social Security system, weighed all of this conflicting evidence and determined that the opinions of Dr. Kang, Dr. Ahearn, and the non-examining reviewers were entitled to "great" or "significant" weight and the opinions of Dr. McCarthy and Nurse Brown were accorded "little" weight. Tr. at 82. The ALJ pointed to specific portions of the voluminous record in this matter to support her findings and conclusions. *Id.* The ALJ found that Plaintiff did have several severe impairments but that she nonetheless retained sufficient residual functional capacity to perform light work. Tr. at 76, 79.

Having now personally reviewed the entire record in this matter, the Court finds that there is substantial evidence in the record to support the findings and conclusions of the Commissioner. The United States Magistrate Judge ably analyzed the factual and legal issues regarding the weighing and reconciling of the various medical opinions in the record, and the Court adopts her entire Report and Recommendation, including that portion which addresses the opinion testimony.

Second, Plaintiff objects to the ALJ's finding that the claimant's mental impairment was

not severe. (Dkt. No. 25 at 7-8). The record evidence is again in conflict on this issue, and the ALJ was obligated to weigh and reconcile the competing opinion and other record evidence. The Magistrate Judge found, as does this Court, that there is substantial evidence in the record to support the conclusions of the Commissioner.

Third, Plaintiff contends the ALJ failed to adequately consider the claimant's non-exertional limitations when making the residual functional capacity determination. (Dkt. No. 25 at 9-10). As the Magistrate Judge noted, the extent of the Plaintiff's limitations was at the heart of the factual dispute in this matter, and the ALJ weighed and reconciled that evidence in reaching her finding that Plaintiff retained the residual functional capacity for light work. (Dkt. No. 24 at 17-18). The Court finds that there is substantial evidence to support the findings of the Commissioner that Plaintiff is capable of performing light work and the decision of the ALJ adequately sets forth a basis for that determination.

## Conclusion

Based upon the foregoing, the Court hereby **ADOPTS** the Report and Recommendation of the Magistrate Judge and **AFFIRMS** the decision of the Commissioner.

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

November 22, 2013
Charleston, South Carolina